McCarthy, J.P.
Appeal from a decision of the Workers’ Compensation Board, filed June 25, 2013, which, among other things, assessed a monetary penalty against claimant’s counsel pursuant to Workers’ Compensation Law § 114-a (3) (ii).
Claimant resides in Queens and, after he was purportedly injured while working in Nassau County, applied for workers’ compensation benefits. With that application, claimant submitted a form on counsel’s letterhead in which he requested that all hearings in his case be handled at a hearing site in the City of White Plains, Westchester County. The Workers’ Compensation Law Judge found that no basis existed for a change of venue and assessed counsel fees of $250 against claimant’s counsel pursuant to Workers’ Compensation Law § 114-a (3) (ii). Upon review, the Workers’ Compensation Board modified by increas *1459 ing the assessment of counsel fees to $500. Claimant now appeals.*
We affirm. The Chair of the Board generally sets “the times and places for the hearing of claims” by venuing them in the district in which a claimant resides if he or she lives in New York (Workers’ Compensation Law § 141; see 12 NYCRR 300.7 [b]). A claimant may submit a written request for change of venue that articulates the reasons for his or her request, and a written decision must be issued thereon. Claimant’s challenges to that policy are unpreserved for our review given that he failed to raise them before the Board (see Matter of Mejia v Camabo Indus., Inc., 117 AD3d 1362, 1362 [2014]; Matter of Toledo v Administration for Children Servs., 112 AD3d 1209, 1210 [2013]). Moreover, claimant’s request for a change of venue was a procedural motion that necessitated a response, and the Board properly determined that it was a “proceedingt ] in respect of [a claim for compensation]” within the meaning of Workers’ Compensation Law § 114-a (3) (see Matter of Banton v New York City Dept. of Corr., 112 AD3d 1195, 1196 [2013]).
Turning to the merits, claimant’s unsubstantiated assertion that it would be “most convenient” for him to attend hearings in a district with no connection to either his residence or the accident site did not warrant a change in venue. Counsel for claimant was well aware that such groundless requests for a venue change would be rejected and, thus, substantial evidence supports the Board’s assessment of counsel fees pursuant to Workers’ Compensation Law § 114-a (3) (ii) (see Matter of Difilippo v Con Edison, 117 AD3d 1363, 1364 [2014]; Matter of Wolfe v New York City Dept. of Corr., 112 AD3d 1197, 1198 [2013]). Lastly, we are unpersuaded that the Board lacked authority to modify the decision of the Workers’ Compensation Law Judge and increase the amount of that assessment (see Workers’ Compensation Law § 23).
Garry, Egan Jr., Lynch and Clark, JJ., concur.
Ordered that the decision is affirmed, without costs.

 Given that the only issues on this appeal relate to the assessment of counsel fees, “counsel is the party in interest pursuant to Workers’ Compensation Law § 23 and ‘should have filed the notice of appeal on [his] own behalf ” (Matter of Wolfe v New York City Dept. of Corr., 112 AD3d 1197, 1198 [2013], quoting Matter of Banton v New York City Dept. of Corr., 112 AD3d 1195, 1196 n [2013]). No allegation of prejudice has been made, however, and we will disregard that defect and treat the appeal as having been taken by counsel (see CPLR 2001; Matter of Wolfe v New York City Dept. of Corr., 112 AD3d at 1198).